IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of MOUNTAINLAND SUPPLY COMPANY, LLC, ,<br><br>Plaintiff,<br><br>v.<br><br>RAM CONSTRUCTORS, INC., and WESTERN SURETY COMPANY,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING ATTORNEY FEES AND ACCRUED INTEREST<br><br>Case No. 2:09CV915DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff's Motion for Attorney Fees. The parties have fully briefed the motion. The court concludes that a hearing would not significantly aid in its determination of the motion. Therefore, based on the motions, memoranda, and other materials submitted by the parties, the court enters the following Order.

In this court's June 8, 2011 Memorandum Decision and Order, the court recognized that attorney fees are recoverable in Miller Act cases in which the contract between the parties' provides for attorney fees. In this case, the open account agreement provides for interest on outstanding balances and the payment of attorney fees incurred in collecting outstanding balances. Because the court held that Mountainland was entitled to the payment of interest on the outstanding balance and attorney fees, it requested that Mountainland submit updated calculations of each and provide supporting documentation.

Mountainland timely filed its updated information and supporting documentation.

Defendants oppose Mountainland's requested fees based on several of the factors used by courts in assessing the reasonableness of fee requests.

Attorney fees awarded pursuant to a contract should not be given scrutiny to the same degree as fees awarded in a statutory context, but should be awarded consistent with the contractual purpose of giving the parties the benefit of their bargain. *See United States ex rel. C.J.C., Inc. v. Western States Mech. Contractors, Inc.*, 834 F.2d 1533, 1548 (10th Cir. 1987). "Where attorney's fees are provided by contract, a trial court does not possess the same degree of equitable discretion to deny such fees as it has when applying a statute providing for a discretionary award." *Id.* However, a court "may nevertheless, reduce the contractual attorney's fees claimed if it finds such an award 'would be inequitable and unreasonable.'" *Id.* (quoting *General Elec. Credit Corp. v. Oil Screw Triton, VI*, 712 F.2d 991, 995 (5th Cir.1983) (quoting in part *Cable Marine, Inc. v. M/V Trust Me II*, 632 F.2d 1344, 1345 (5th Cir. Unit B 1980)).

"In considering whether a fee is unreasonable or excessive," a trial court may consider "the familiar factors from the federal cases awarding fees in a statutory context." *Id.* "The district court may choose to use these factors, not to compute a reasonable fee, but to assist in determining if the fees claimed are unreasonable or inequitable. In addition, it remains important for the district court to provide a 'concise but clear explanation' of its reasons for any adjustments to the fee award." *Id.*

In this case, Plaintiff seeks attorney fees of $56,401.02. Plaintiff has submitted the hourly time records and billing rates of the legal work performed in this case. Defendants, however, object to the requested fees based on the following specific factors: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill required to perform legal services properly; (4) the customary fee; (5) the amount involved and the results obtained; and

(6) the experience, reputation, and ability of the attorneys.

Defendants argue that the 260.25 hours expended by Mountainland's seven attorneys and five paralegals is unreasonable and inefficient. Given the extensive factual and legal issues that were contested and considering the results obtained, the court is hesitant to second guess the reasonableness of the time expended. The case was document intensive and the parties were required to brief novel legal theories. Specifically, Defendants question the amount of hours that were worked on the motion for summary judgment, but the case was ultimately won with that motion for summary judgment. And, Defendants unduly discount the number of issues that were raised in the briefing. Furthermore, while many attorneys and paralegals worked on the case, the billing records do not demonstrate any significant duplication of work. The majority of the work was performed by four attorneys and one paralegal. The court does not find the time spent to be unreasonable.

Defendants also take issue with Jaussi & Christiansen billing in one hour increments, but the documentation demonstrates that they did not bill in one hour increments. Defendants also question the use of two firms. The use of two firms is not uncommon and does not provide a basis for assuming that there were inefficiencies. The attorneys appear to have worked together.

Defendants further ask the court to consider the customary fee for similar work in the community. Defendants do not claim that there is a customary fee for Miller Act cases, but they request the court to consider this factor in light of the total hours and fees billed by Mountainland. In considering the customary fee for a Miller Act case, the court believes that most cases would be document intensive and involve fact issues with respect to the parties ongoing relationships. In this case, the parties and the court had to consider whether several

other projects should be used as offsets. Each Miller Act case will turn on a different set of facts. In this case, Defendants raised extensive factual and legal issues. This factor, therefore, does not support a reduction in Mountainland's fee award.

Finally, Defendants argue that the experience and ability of the attorneys involved in this case did not result in increased efficiencies. Again, the court will not second guess the amount of work that was required to successfully bring a motion for summary judgment in this case. The court has reviewed the billing records and does not find the type of inefficiencies that it would typically lead the court to reduce the requested fees.

In conclusion, the court has reviewed the attorney fees materials submitted by Mountainland and finds the hourly rates to be reasonable for the market and the time spent to be reasonable given the issues involved in this case. Therefore, the court awards Mountainland $56,401.02 in attorney fees. The amount of accrued interest has not been opposed. Accordingly, the court grants Mountainland $64,116,81 in interest.

## CONCLUSION

Based on the above reasoning, the court grants Mountainland $56,401.02 in attorney fees and $64,116.81 in accrued interest.

DATED this 17th day of August, 2011.

_____
DALE A. KIMBALL
United States District Judge